**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50911
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

REYMUNDO PARRA-MENDEZ, also known as Roberto Munoz-Mendez, also known as Roberto Carlos Estrada-Perez, also known as Ricardo Renteria, also known as Roberto Munoz, also known as Roberto Gomez-Cruz, also known as Raymundo Melendez-Munoz

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1049-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reymundo Parra-Mendez (Parra) appeals the 63-month sentence imposed upon his guilty-plea conviction for illegal reentry subsequent to having been removed. *See* 8 U.S.C. § 1326. He argues that the within-guidelines sentence imposed by the district court was unreasonable because it was greater than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary to fulfill the sentencing purposes of 18 U.S.C. § 3553(a). Relying on *Kimbrough v. United States*, 128 S. Ct. 558 (2007), he argues that the illegal reentry guideline, U.S.S.G. § 2L1.2, is flawed because it is not empirically based.

The district judge made clear at sentencing the reasons she was imposing a sentence at the top of the guidelines range, citing Parra's prior criminal history and his consistent disregard of the criminal and immigration laws of this country despite significant time spent in prison. The district court determined that a sentence of 63 months of imprisonment was "fair and reasonable" regardless of the Guidelines scoring. Given the district court's specific reasons for imposing a 63-month sentence, it cannot be said that the court failed to consider the factors of § 3553(a) or that Parra has shown that his sentence is unreasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007).

AFFIRMED.